United States District Court
District of Massachusetts

| | |
|---|---|
| DAVID THOMPSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. |
| ) | 13-11764-NMG |
| BRUCE GELB, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM & ORDER**

**GORTON, J.**

This habeas corpus petition, filed by petitioner David Thompson ("Thompson" or "petitioner"), arises out of his conviction for armed robbery and malicious destruction of property in March, 2009 in the Massachusetts Superior Court for Essex County in Salem, Massachusetts. Petitioner alleges that the state prosecution violated the 180-day speedy trial provision under Article III of the Interstate Agreement on Detainers Act ("IAD") such that his motion to dismiss was improperly denied. Because the Court finds that petitioner's claim is not cognizable under 28 U.S.C. § 2254, Thompson's habeas corpus petition will be dismissed.

I. **Background**

   A. **State Court Proceedings**

   In July, 2008, petitioner was indicted on two counts of armed robbery, both in violation of M.G.L. c. 265, § 17, two counts of stealing by confining or putting a person in fear, both in violation of M.G.L. c. 265, § 21 and one count of malicious destruction of property over $250, in violation of M.G.L. c. 266, § 127. All of the counts stem from a July, 2005 robbery of a CVS pharmacy in Georgetown, Massachusetts, in which petitioner stole $3,000 in cash and a safe containing controlled substances.

   In June, 2008, Petitioner, then incarcerated in Maine for an unrelated offense, requested final disposition of his Massachusetts indictment pursuant to the IAD ("IAD request"). The Superior Court for Essex County and the Essex County District Attorney's Office both received petitioner's IAD request on June 23, 2008. Pursuant to the speedy trial provision of the IAD, the state prosecutor then had until December 22, 2008 to begin petitioner's trial unless good cause for a reasonable continuance was shown.

   On October 9, 2008, petitioner was transported from Maine to Massachusetts for his arraignment, pursuant to the IAD. At arraignment, petitioner's counsel moved for trial that same day. The judge declined to set a trial date and instead granted the

Commonwealth a continuance through November 5, 2008 to allow it to file a motion to obtain petitioner's DNA. The Commonwealth was granted a second continuance through December 11, 2008 specifically to obtain and test a buccal swab of petitioner's DNA.

Petitioner's counsel objected to both continuances on speedy trial grounds pursuant to Mass. R. Crim. P. 36 ("Rule 36"). Indeed, before granting the second continuance on November 5, 2008, the judge specifically asked petitioner's counsel whether his objections and requests for an immediate trial were based upon Rule 36, to which counsel responded, "[c]orrect." At no time did petitioner's counsel inform the court that the 180-day time limitation under the IAD was at issue.

At the pretrial conference on December 11, 2008, petitioner's counsel again moved for an immediate trial. Due to session limitations and the scheduling of other significant cases, the judge scheduled petitioner's trial for March 17, 2009. Again, petitioner's counsel objected to the delay solely on Rule 36 grounds.

On February 4, 2009, almost two months after the postponed trial date had been set, petitioner filed a motion to dismiss alleging that the Commonwealth had violated the IAD's 180-day speedy trial provision. On March 14, 2009, the state court

denied petitioner's motion on the grounds that the continuance was reasonably necessary to obtain DNA testing in a major felony prosecution.

On March 24, 2009, after a one-week trial, petitioner was found guilty by a jury of armed robbery and malicious destruction of property. The Commonwealth filed a <u>nolle prosequi</u> to dismiss each of the two counts brought under M.G.L. c. 265, § 21. That same day, petitioner was sentenced to concurrent terms of 19 to 20 years for armed robbery and ten years probation for malicious destruction of property.

Petitioner filed a direct appeal with the Massachusetts Appeals Court, contending that his motion to dismiss was improperly denied because the continuances granted to the Commonwealth were without "good cause" resulting in a violation of the 180-day speedy trial provision of the IAD. In November, 2011, the Appeals Court affirmed petitioner's convictions, holding that the continuances were reasonable and necessary to allow the prosecution to collect and test DNA in a case that turned on identification. <u>Commonwealth</u> v. <u>Thompson</u>, 80 Mass. App. Ct. 1117, 2011 WL 5924578 (2011). The Appeals Court further noted that petitioner's counsel deliberately

> misled the judge into believing that the more expansive time limitation of [R]ule 36, and not the IAD, was the focus of [counsel's objection].

-4-

In February, 2012, petitioner filed an application for leave to obtain further review with the Massachusetts Supreme Judicial Court which was denied in June, 2012.

### B. Federal Court Proceedings

Petitioner filed the instant petition in this Court in July, 2013. Thompson argues that he was denied due process under the IAD's speedy trial provision because the continuances of his case were not granted for "good cause." Moreover, he contends that he was prejudiced as a result because the DNA used to convict him was obtained after the 180-day period provided for in the IAD.

## II. Legal Analysis

### A. Habeas Standard

A federal court may grant habeas corpus relief to a prisoner in state custody on the ground that "[the] conviction violated the Constitution, laws, or treaties of the United States." Estelle v. McGuire, 502 U.S. 62, 68 (1991). State court factual findings are entitled to a presumption of correctness. 28 U.S.C. § 2254(e)(1).

The Interstate Agreement on Detainers Act ("IAD") is a compact among 48 states, the District of Columbia and the federal government. 18 U.S.C. App. § 2. Under the IAD, a prisoner incarcerated in one member state may be transferred to another member state to be tried on criminal charges. Reed v.

Farley, 512 U.S. 339, 341 (1994). Article III of the IAD provides that a transferred prisoner must

> be brought to trial within [180] days ... provided[, however,] that for good cause shown in open court, [with] the prisoner or his counsel being present, the court ... may grant any necessary or reasonable continuance.

New York v. Hill, 528 U.S. 110, 112 (2000) (citation omitted).

Claims alleging a violation of the IAD are cognizable under 28 U.S.C. § 2254 only if the alleged violation results in "a fundamental defect which inherently results in a complete miscarriage of justice." Reed, 512 U.S. at 348. A state court's failure to observe the IAD's time limitations does not qualify as a "fundamental defect" when the petitioner has (1) failed to object to the delayed trial date at the time it was set and (2) suffered no prejudice as a result of the delay. Id. at 342.[1]

**B. Application**

   **1. Petitioner Failed to Object on IAD Grounds**

First, petitioner's claim is not cognizable under § 2254 because he deliberately failed to object to his trial date on IAD speedy trial grounds. As such, the failure of the state court to observe the IAD's 180-day time limitation does not constitute a "fundamental defect" warranting habeas relief.

---

[1] Reed concerned an alleged violation of the 120-day time limit under Article IV(c) of the IAD but the Court made clear that its holding also applied to violations of the 180-day time limit under Article III of the IAD. Id. at 346 n.6.

Petitioner contends, however, that he had no obligation to inform the Court that the IAD's time limitations were of the essence of his objections because he had already sent an IAD request to the state prosecutor.

Petitioner misunderstands his obligations. As the Supreme Court has noted

> [c]ourts often require litigants to flag important issues orally rather than bury vital (and easily addressed) problems in reams of paper.

Id. at 351 (citations omitted). Indeed, here the Appeals Court noted that the judge explicitly asked petitioner's counsel whether his objections were based on Rule 36 grounds, to which counsel responded, "[c]orrect." Thompson, 2011 WL 5924578, at *1 n.4. Even if petitioner had no obligation to flag the IAD's time constraints for the judge, he certainly had an obligation to clarify the judge's misunderstanding when asked a direct question. Instead, petitioner waited 44 days after the 180-day time limit expired to raise his IAD claim in a motion to dismiss. As the First Circuit has explained, courts

> do not look favorably on IAD arguments that are not raised until the trial judge is no longer in a position to avoid a violation.

United States v. Dowdell, 595 F.3d 50, 64 (1st Cir. 2010).

Ultimately, the Appeals Court determined that petitioner's counsel

>             deliberately "hid the ball" and actively mislead the
>             judge into considering only the time limitations of
>             Rule 36 and not those of the IAD when determining what
>             continuances were reasonable or necessary.

Thompson, 2011 WL 5924578, at *1 n.3. This Court agrees with the Massachusetts Appeals Court that had the time limitation been brought to the judge's attention, the court could have made findings of good cause for a continuance on the record and the trial easily could have been scheduled within the IAD's 180-day time limit. Because petitioner objected only on Rule 36 grounds when he had multiple opportunities to object on IAD grounds, the failure of the state court to observe the IAD's time limit does not constitute a "fundamental defect."

### 2. Petitioner Suffered No Prejudice Attributable to the Delayed Proceedings

Moreover, petitioner's claim is not cognizable under § 2254 because the failure to observe the 180-day time limitation of the IAD did not result in any prejudice to petitioner and therefore does not constitute a "fundamental defect" warranting habeas relief. Petitioner contends that he did, however, suffer prejudice because had he been tried within the 180-day time limit, his DNA would not have been available for trial and he would have been acquitted for insufficiency of evidence.

Petitioner's argument is without merit. First, the trial judge's decision to grant continuances to obtain and test DNA

were made for good cause, particularly when the case turned on identification. Second, petitioner has presented no evidence that he was denied a fair trial after the 180-day time limitation. Furthermore, there is nothing in the record that demonstrates that any such "exceptional circumstance" exists that might otherwise warrant habeas relief. See, e.g., Maples v. Thomas, 132 S. Ct. 912, 917 (2012) ("exceptional circumstance" of petitioner's three attorneys abandoning him without permission of the court and without notifying him warranted reversing denial of habeas relief on procedural grounds); Bowen v. Johnston, 306 U.S. 19, 27 (1939) (finding that a conflict between state and federal authorities on a question of law was an "exceptional circumstance" warranting habeas relief). Accordingly, the facts of this case are insufficient to warrant habeas corpus relief.

## ORDER

For the foregoing reasons, Thompson's petition for writ of habeas corpus (Docket No. 1) is **DISMISSED** and petitioner's motion to appoint counsel (Docket No. 29) is **DENIED** as moot. **So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated December 2, 2014